IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT DIAZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs,* | § § | Civ. No. 5:20-cv-231 |
| V. | § § | JURY DEMANDED |
| CUATRO T CONSTRUCTION, INC., | § § | |
| *Defendant.* | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Gilbert Diaz (individually, "Diaz"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), files this Original Complaint against Cuatro T. Construction, Inc. ("Cuatro T" or "Defendant"), and would show as follows:

### I.   PRELIMINARY STATEMENT

1.      This lawsuit seeks damages against Cuatro T for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiffs allege that Defendant violated the FLSA by paying drivers as a percentage of each load, regardless of the hours worked per week, therefore failing to pay drivers a mandated overtime rate for all hours worked over forty. Plaintiffs seek to certify this matter as a collective action under the FLSA. Plaintiffs also seek to recover unpaid unpaid overtime wages, statutory liquidated damages, and attorneys' fees.

### II.   PARTIES

2.      Plaintiff Gilbert Diaz is an individual residing in San Antonio, Texas. He is a former driver for Cuatro T.

3. Defendant Cuatro T. Construction, Inc. is a company doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service of process, Laurie B. Tondre, at 2002 Avenue X, Hondo, Texas, 78861.

### III.  JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

7. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Defendant employed Diaz and other members of the putative class in San Antonio, Texas and Hondo, Texas.

### IV.  ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been, though operation or common control, engaged in the performance of related activities for a common business purpose.

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Plaintiff Diaz worked for Defendants from approximately October 2018 to January 2020 as a driver.

13. Drivers, including Diaz, are paid twenty-five percent of each load they deliver. Drivers are not paid an overtime premium for hours they work over forty per week.

14. Defendant was not forthcoming about the value of each load that drivers, including Diaz, delivered. On occasion, Diaz expressed concern that he was not receiving credit for the full value of each load, therefore artificially deflating the amount he made per load. Defendant refused to provide Diaz with proof regarding the value of each load, making Diaz suspicious that Defendant was misleading Diaz and other drivers about how much money they should have earned on each load.

15. Drivers, including Diaz, transport construction materials between worksites in the San Antonio and wider Texas area. Defendant requires drivers to live in or around San Antonio, Texas, because they must be within driving distance of one of Defendant's terminals.

16. Drivers, including Diaz, do not personally drive in interstate commerce. Diaz never delivered any loads across state lines. Because of company policy and activity, drivers including Diaz cannot reasonably expect to do interstate driving.

17. Drivers, including Diaz, did not deliver materials that originated outside of Texas.

18. Drivers, including Dias, did not deliver materials intended for a destination outside of Texas.

19. Drivers, including Diaz, regularly work more than forty hours per week. In a typical week, Diaz and other drivers arrive at Defendant's Hondo, Texas yard at approximately 2:30 a.m. five days per week, to begin loading their trucks. Drivers including Diaz typically leave the yard at approximately 5:30 a.m. In a typical week, Diaz and other drivers complete their daily loads at approximately 2:30 p.m. five days per week. In a typical week, Diaz and other drivers work approximately 70 hours per week.

20. Despite these hours worked, Diaz and other drivers are not paid an additional overtime rate for the hours they work over forty per week.

21. Moreover, to the extent that Defendant did not accurately compensate drivers including Diaz for the full value of each load, Defendant artificially deflated the regular rate and therefore the overtime rate that Diaz and other drivers should have received each week.

22. As a result, Defendant has unlawfully withheld overtime compensation from its drivers, including Diaz.

23. Defendant also failed to make, keep, and preserve accurate records with respect to Diaz and other drivers, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

24. Defendant knew that Diaz and other drivers did not drive across state lines or deliver materials with an origin or destination outside of Texas. Defendant's failure to properly calculated overtime for all hours worked over forty was willful and not in good faith.

### V.   CAUSE OF ACTION: FLSA – OVERTIME WAGES

25. The preceding paragraphs are incorporated herein for all purposes.

26. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the putative class members.

27. Defendant misclassified Plaintiffs as exempt from overtime and failed to pay Plaintiff and the putative class members overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a work week.

28. Defendant also failed to include the full value of each load into Plaintiffs' overtime rates, therefore illegally reducing the regular and overtime rates that Plaintiffs should have received in violation of the FLSA.

29. As a result of Defendant's unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

30. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described herein are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative class members.

31. Because Defendant's violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI.    COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

32. Pursuant to Section 16(b) of the FLSA, Diaz brings this Complaint as a collective action, on behalf of himself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's

counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

33.     Defendant has a common policy or scheme of classifying drivers as exempt from overtime and not paying them time and one-half their regular rate of pay for hours worked over forty per week. As a result of this common policy or scheme, Defendant wrongfully denied drivers properly calculated overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former drivers employed by Defendant at any time during the three years preceding the filing of this Complaint.

34.     Plaintiff is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendant's records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII.   JURY DEMAND

35.     Plaintiffs demand a trial by jury.

## VIII.   PRAYER

52.     Plaintiffs pray for judgment against Defendant as follows:

(a) actual damages for unpaid overtime wages under the Fair Labor Standards Act;

(b) liquidated damages as provided by the Fair Labor Standards Act;

(c) reasonable attorney's fees under the Fair Labor Standards Act;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court;

(f) certification of this matter as a collective action; and

(g) any other relief to which Plaintiff is entitled.

                          Respectfully submitted,

                          /s/ Lawrence Morales II
                          LAWRENCE MORALES II
                          State Bar No. 24051077
                          ALLISON S. HARTRY
                          State Bar No. 24083149
                          **THE MORALES FIRM, P.C.**
                          6243 IH-10 West, Suite 132
                          San Antonio, Texas 78201
                          Telephone No. (210) 225-0811
                          Facsimile No. (210) 225-0821
                          lawrence@themoralesfirm.com
                          ahartry@themoralesfirm.com

                          ***ATTORNEYS FOR PLAINTIFF***